# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD G. CONVERTINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-00236 (RCL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## THE UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO COMPEL PROPER DISCOVERY RESPONSES FROM PLAINTIFF

Pursuant to Federal Rules 26, 33, and 34, Defendant United States Department of Justice

hereby moves this Court for an Order compelling Plaintiff to provide proper discovery responses.

The bases for this Motion are set forth in the attached Memorandum of Points and Authorities.

A proposed Order is attached.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
JEFFREY M. SMITH (Bar No. 467936)
JONATHAN E. ZIMMERMAN
(MA Bar No. 654255)
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., N.W., Room 7144
Washington, D.C. 20001
Tel: (202) 514-5751
Fax: (202) 616-8470

*Counsel for the U.S. Department of Justice*

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

BACKGROUND ................................................................................................................ 1

ARGUMENT .................................................................................................................... 6

I.     Standard of Review ............................................................................................... 6

II.    Plaintiff Must Sign His Interrogatory Responses ............................................... 6

III.   Plaintiff Should Be Required to Produce Information Relevant to His
Alleged Damages ................................................................................................. 8

     A.    Information Concerning Plaintiff's Alleged Damages Is Relevant ....................... 8

     B.    Plaintiff's Responses To Interrogatories And Requests For Production
Concerning His Claimed Damages Are Inadequate ............................... 9

     C.    Plaintiff's Assertions of the Physician-Patient and Psychotherapist-Patient
Privileges Are Improper ................................................................... 12

     D.    Plaintiff's Assertion of the Attorney-Client Privilege Is Improper ..................... 13

     E.    Plaintiff's Assertion of "Other Constitutional Privileges" Is Improper .............. 15

IV.   Plaintiff's Reference to His "Response to the OPR Allegations" Is Improper ............... 15

V.    Plaintiff Should Be Required to Provide Complete Responses And All
Responsive Documents Within Two Weeks of the Court Granting This Motion .......... 17

CONCLUSION ................................................................................................................ 17

LOCAL RULE 7(m) STATEMENT ............................................................................... 18

## TABLE OF AUTHORITIES

**CASES**                                                                  **PAGE(S)**

Alexander v. FBI, 193 F.R.D. 1 (D.D.C. 2000) ................................................................ 6

Alexander v. FBI, 192 F.R.D. 50 (D.D.C. 2000) .................................................... 6, 14

Doe v. Chao, 540 U.S. 614 (2004) ................................................................... passim

Doe v. District of Columbia, 229 F.R.D. 24 (D.D.C. 2005) ....................................... 12

Doe v. District of Columbia, 231 F.R.D. 27 (D.D.C. 2005) ......................................... 6

Doe v. Eli Lilly & Co., Inc., 99 F.R.D. 126 (D.D.C. 1983) ....................................... 13

Ellsworth Assocs., Inc. v. United States, 917 F. Supp. 841 (D.D.C. 1996) ................................ 6

Gilvin v. Fire, No. 99-cv-930, 2002 WL 32170943 (D.D.C. Aug. 16, 2002) ............................ 12

In re High Fructose Corn Syrup Antitrust Litig., 295 F.3d 651 (7th Cir. 2002) .......................... 7

In re Lindsey, 158 F.3d 1263 (D.C. Cir. 1998) .................................................. 12, 14

Mead Data Cent., Inc. v. United States Dep't of Air Force, 566 F.2d 242 (D.C. Cir. 1977) ...... 14

Saria v. Massachusetts Mutual Life Ins. Co., 228 F.R.D. 536 (S.D.W.V. 2005) ........................ 7

In re Savitt/Adler Litig., 176 F.R.D. 44 (N.D.N.Y. 1997) .................................... 16, 17

Schlagenhauf v. Holder, 379 U.S. 104 (1964) .......................................................... 13

Sklagen v. Greater Southeast Community Hosp., 625 F. Supp. 991 (D.D.C. 1984) ................. 13

United Oil Co. v. Parts Assocs., Inc., 227 F.R.D. 404 (D. Md. 2005) ....................................... 16

United States v. Koubriti, 297 F. Supp. 2d 955 (E.D. Mich. 2004) ....................................... 2, 7

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 11 ....................................................................................................... 16

Fed. R. Civ. P. 26(a)(1)(C) ...................................................................................... 12

Fed. R. Civ. P. 26(b)(1) ........................................................................................................ 6

Fed. R. Civ. P. 26(f) ....................................................................................................... 2, 3

Fed. R. Civ. P.  33(b) ..................................................................................................... 6, 7

Fed. R. Civ. P. 33(b)(1)-(2) ....................................................................................... 6, 15, 16

Fed. R. Civ. P. 33(b)(4) ...................................................................................................... 15

Fed. R. Civ. P. 33(d) ........................................................................................................... 16

Fed. R. Civ. P. 34(b) ........................................................................................................... 15

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICHARD G. CONVERTINO, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 04-00236 (RCL) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THE UNITED STATES DEPARTMENT OF JUSTICE'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
<u>TO COMPEL PROPER DISCOVERY RESPONSES FROM PLAINTIFF</u>**

Although the parties agreed on a discovery period of 180 days, a period which ended on October 10, 2006, Plaintiff has provided virtually no substantive discovery in response to requests served on June 12, 2006, and declined to attend his noticed deposition.  In order to allow this case to be adjudicated fairly and expediently, Plaintiff should be ordered to provide complete responses and to sit for his deposition forthwith .

<u>**BACKGROUND**</u>

This case concerns a single newspaper article that Plaintiff contends (1) resulted from a Privacy Act violation by DOJ and (2) caused Plaintiff compensable damages. Plaintiff claims that the newspaper article in question contained leaked Privacy Act-protected material.  As a consequence of this alleged leak Plaintiff seeks "damages, subject to proof and in an amount to be determined at trial."  Compl. at 37.

Plaintiff filed the Complaint in this case on February 13, 2004.  Following service, Defendants moved to stay the case, on June 4, 2004, in part due to two then-on-going Justice Department investigations into overlapping factual matters concerning alleged prosecutorial misconduct on Plaintiff's part in his prosecution of the case *United States v. Koubriti*, 297 F. Supp. 2d 955, 962 (E.D. Mich. 2004).  *See* Defs' Mot. to Stay, (June 4, 2004) [docket #11]. Plaintiff opposed the stay arguing, *inter alia*, that his civil action did not substantively overlap with the investigations into possible prosecutorial misconduct during the *Koubriti* trial, and that the Privacy Act matter at issue in Plaintiff's civil case was not related in any way to *Koubriti*. *See* Pl's Opp. to Defs' Mot. to Stay, at 12-15 (June 18, 2004) [docket #14].  On August 16, 2004, the Court granted Defendant's motion to stay, and stayed this case until the Court could rule on an outstanding jurisdictional motion.  *See* Order of August 16, 2004 [docket #23].  On October 19, 2005, following the Court's granting of Defendants' Partial Motion to Dismiss, the Court extended the stay in this case pending further order of the Court so that the *Koubriti* investigations could conclude without any interference from this matter.  *See* Order of October 19, 2005 [docket #31].  Plaintiff moved to lift the stay in November 2005, but his motion was denied.  *See* Order of December 14, 2005 [docket #38].

On February 23, 2006, after Defendants filed a status report [docket #39] indicating that the *Koubriti* investigation had reached a point at which this case would no longer interfere with it, the Court lifted the stay in this case.  *See* Order of Feb. 23, 2006 [docket #40].  Defendants filed their Answer to Plaintiff's Complaint on March 27, 2006, and on April 10, 2006, the Parties filed their Rule 26(f) report, agreeing that there should be 180 days of fact discovery, a period that would end on October 10, 2006.  Docket No. 42.  Although Plaintiff now takes the position

that the 180 day period set forth in the 16.3 report has not yet begun to run, *see* Letter from Stephen Kohn to Jonathan Zimmerman (August 31, 2006) (attached as Ex. 1), two days after the report was entered, on April 12, 2006, Plaintiff hand-served DOJ with two requests for the production of documents, totaling more than 300 separate requests.  Defendant replied to Plaintiff's document requests on May 26, 2006 and provided responsive documents in a series of productions over the course of the next two months.  Defendant concluded the production of responsive documents on June 26, 2006, producing roughly 4,274 pages of responsive documents and many hours of recordings of interviews conducted by the Office of the Inspector General. Defendant served discovery on Plaintiff on June 12, 2006.  *See* Letter from Stephen Kohn to Jonathan Zimmerman (July 14, 2006) (attached as Ex. 2).  In response, Plaintiff has provided only 28 pages of documents whose responsiveness and relevance is not readily apparent, and evasive and incomplete responses to DOJ's requests for discovery.  On or about July 14, 2006, Plaintiff sought, and DOJ agreed to, an extension of time to respond until July 31, 2006.  *See id*. On or about July 25, 2006, Plaintiff sought, and DOJ agreed to, a second extension of time to respond, this time until August 4, 2006.  *See* Letter from Stephen Kohn to Jonathan Zimmerman (July 25, 2006) (attached as Ex. 3).  On or about August 3, 2006, Plaintiff sought, and DOJ agreed to, a third extension of time, this time until August 11, 2006.  *See* Letter from Stephen Kohn to Jonathan Zimmerman (August 3, 2006) (attached as Ex. 4).  Plaintiff then sought a fourth extension, this time until August 25, 2006.  The parties agreed that Plaintiff would provide as much as possible by August 16, 2006, and would supplement those responses by August 25, 2006.

On August 16, 2006, Plaintiff provided fundamentally inadequate responses to DOJ's discovery requests.  *See* Plaintiff's Response to Defendant's First Set of Requests for the Production of Documents (attached as Ex. 5); Plaintiff's Response to Defendant's First Set of Interrogatories (attached as Ex. 6).  Plaintiff did not produce any documents with these responses.  On August 21, 2006, DOJ informed Plaintiff of numerous deficiencies in Plaintiff's responses.  *See* Letter from Jonathan Zimmerman to Stephen Kohn (August 21, 2006) (attached as Ex. 7).  On August 24, 2006, Plaintiff, without consulting DOJ, granted himself an additional extension of 30 days in which to supplement his prior responses.  *See* Letter from Stephen Kohn to Jonathan Zimmerman (August 24, 2006) (attached as Ex. 8).  On August 29, 2006, DOJ informed Plaintiff that it did not agree to another extension, noting that "Plaintiff has now been granted four extensions of time, totaling more than six weeks, to provide responses to basic discovery requests, and has thus far provided only incomplete, evasive, and wholly inadequate responses."  Letter from Jonathan Zimmerman to Stephen Kohn (August 29, 2006) (attached as Ex. 9).  Plaintiff then orally agreed to supplement his discovery responses by September 15, 2006.  *See* Letter from Jonathan Zimmerman to Stephen Kohn (September 1, 2006) (attached as Ex. 10), at 1;  Letter from Jonathan Zimmerman to Stephen Kohn (September 18, 2006) (attached as Ex. 11), at 2.

From August 31, 2006 until September 18, 2006, DOJ attempted to contact Plaintiff's counsel by phone, but repeated messages were not returned.  On September 18, 2006, DOJ wrote Plaintiff, expressing concern that, five months into discovery, "Plaintiff thus [far] has not produced a single document in this litigation, has provided only improper and evasive interrogatory responses, and has refused even to sign the responses that were provided."  Ex. 11,

at 1.   When defense counsel was finally able to speak with Plaintiff's counsel, he stated that he had mailed supplemental responses to Defendant's first set of interrogatories, and Defendant's first set of requests for the production of documents on September 15, 2006.  *See* Letter from Stephen Kohn to Jonathan Zimmerman (September 22, 2006) (attached as Ex. 12), at 1.[1] Defendant received these supplemental responses on October 2, 2006, but they are nearly identical in relevant part to Plaintiff's previous responses, and in response to defendant's requests for the production of documents, Plaintiff produced only 28 pages of documents whose responsiveness is not readily apparent.  *See* Plaintiff's Supplemental Response to Defendant's First Set of Requests for the Production of Documents (attached as Ex. 13) *and* Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories (attached as Ex. 14).  In light of Plaintiff's persistent attempts to delay discovery in this case and refusal to provide complete responses to Defendant's first set of interrogatories and requests for the production of documents,[2] DOJ is left with no choice but to involve the Court in this discovery matter, and seek an order compelling Plaintiff to provide adequate and and signed interrogatory responses, and all responsive documents in his possession, custody, or control.

---

[1]Defendant requested on September 26, 2006, that Plaintiff send another copy of the documents via Federal Express.  *See* Letter from Jonathan Zimmerman to Stephen Kohn (September 26, 2006) (attached as Ex. 15) (the attached letter is dated September 25, 2006, but was not sent to plaintiff until September 26, 2006).   Plaintiff did not do so.

[2] DOJ noticed Plaintiff's deposition for October 10, 2006.  *See* Ex. 11.  Plaintiff did not seek a protective order, and did not attend the deposition.

# ARGUMENT

## I.      Standard of Review

In civil discovery, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "Relevance for discovery purposes is broadly construed."  *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005).  "Once a showing of relevance has been made by the party seeking discovery, the party objecting to that discovery bears the burden of showing why discovery should not be permitted."  *Alexander v. FBI*, 193 F.R.D. 1, 3 (D.D.C. 2000) (quotation and alteration omitted); *accord Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("A party opposing discovery bears the burden of showing why discovery should be denied.").

## II.     Plaintiff Must Sign His Interrogatory Responses

Federal Rule 33(b) clearly requires that "[e]ach interrogatory shall be answered separately and fully in writing under oath" and that the "answers are to be signed by the person making them."  Fed. R. Civ. P. 33(b)(1)-(2).  Thus, interrogatory responses "must be signed by the person who made them and who can attest to their accuracy."  *Alexander v. FBI*, 192 F.R.D. 50, 52 (D.D.C. 2000).

Plaintiff's responses to DOJ's interrogatories, served on August 16, 2006, were not signed by Plaintiff.  *See* Ex. 6, at 8.  DOJ notified Plaintiff's counsel of this deficiency on August 21, 2006, *see* Ex. 7, yet Plaintiff's supplemental response to Defendant's First Set of Interrogatories, received October 2, 2006, suffers from the same defect, *see* Ex. 14, at 10.  Plaintiff has consistently failed to comply with the simple dictates of Rule 33(b).  In a September 22, 2006 letter, Plaintiff's counsel contended that "substantial Fifth Amendment issues" – issues

nowhere stated in the responses themselves – prevented Plaintiff from even deciding whether to sign the interrogatories.  *See* Ex.12, at 2.  Accordingly, plaintiff did not sign the supplemental response to Defendant's First Set of Interrogatories received by defendant on October 2, 2006. *See* Ex. 14.  This post hac rationale is without merit.  A person does not have "carte blanche by virtue of the Fifth Amendment's self-incrimination clause to refuse to answer questions."  *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663 (7th Cir. 2002).  Rather, for the privilege to apply to a particular question, "the answer one would give if one did answer it (and answer it truthfully) must have some tendency to subject the person being asked the question to criminal liability."  *Id.* at 663-64 (emphasis omitted); *see also United States v. Koubriti*, 297 F. Supp. 2d 955, 962 (E.D. Mich. 2004) ("In evaluating the validity of a witness's invocation of Fifth Amendment privilege against self-incrimination, the court must make a particularized inquiry, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded.").

If Plaintiff wishes to assert  the Fifth Amendment in response to particular interrogatories, the proper procedure is to assert it in response to those interrogatories, not to provide responses and refuse to sign them.  "The failure to meet the simple requirement of providing verification can only be seen as a flagrant disregard of [the Federal] Rules, Advisory Notes, and case precedents."  *Saria v. Massachusetts Mutual Life Ins. Co.*, 228 F.R.D. 536, 540 (S.D.W.V. 2005); *see also id.* at 539 ("Rule 33, requiring verification and signature, is among the simplest of all the Rules of Procedure.").  Plaintiff should be required to sign, under oath, all of his interrogatory responses.

**III.    Plaintiff Should Be Required to Produce Information Relevant to His Alleged Damages**

   **A.    Information Concerning Plaintiff's Alleged Damages Is Relevant**

The damages sought by a Plaintiff are relevant in any action.  In a Privacy Act suit damages are particularly relevant because proof of "actual damages" is an element of the cause of action.  *Doe v. Chao*, 540 U.S. 614, 620-23 (2004).  Mere "adverse effect" is insufficient.  *Id.*

In the instant case, it appears doubtful that Plaintiff can establish any actual damages.  He left his employment with DOJ voluntarily, and long after the newspaper article at issue, making it unlikely that any loss of income he claims to have suffered is as a result of the article at issue. Plaintiff is currently under criminal indictment for obstruction of justice, conspiracy, and perjury, and has received substantial negative publicity (both before and after the article at issue), making it unlikely that the alleged leak of the fact of an OPR investigation has had any effect on his reputation, even assuming reputational damages are compensable under the Privacy Act.  And given his numerous public and private difficulties, it appears unlikely that any emotional damages (even if compensable under the Privacy Act) could be attributed to the alleged leak.

Given that proof of damages is an essential element of a Privacy Act claim, and Plaintiff's damages are less than obvious, if they exist at all, it is crucial that DOJ receive Plaintiff's complete position on damages and all of his supporting evidence.

**B.**     **Plaintiff's Responses To Interrogatories And Requests For Production Concerning His Claimed Damages Are Inadequate**

Despite the importance of damages in this case, Plaintiff has failed to provide any meaningful discovery into his claimed damages.  For example, Interrogatory No. 3 asks Plaintiff to "identify, describe, and set forth" the damages Plaintiff claims to have suffered as a result of the actions alleged to have been taken by Defendant.  *See* Ex. 14, at 4.  The interrogatory asks Plaintiff to "detail the nature, extent, duration, and date" of any claimed ailments, or losses claimed by Plaintiff.  *Id.*  Interrogatory No. 8 asks Plaintiff to identify, and describe any physical, medical, mental, emotional, or psychological condition he suffers from as a result of the alleged actions taken by Defendant.  *See* Ex. 14, at 6.  In response to Interrogatory No. 3 Plaintiff provides only a general claim of "non-pecuniary damages for direct and indirect injury to his reputation, extreme public embarrassment, humiliation, anxiety, physical upset, emotional upset, mental anguish, physical pain and suffering, trauma, past, present and future loss of income, and damage to Plaintiff's career progression and professional reputation."  Ex. 14, at 4.  Plaintiff replies to Interrogatory No. 8 solely by reference back to his response to Interrogatory No. 3.  *See* Ex. 14, at 6.

Plaintiff similarly avoided any specific responses to Interrogatories Nos. 4 and 5 which focus on potential witnesses on the issue of damages, and the factual bases on which Plaintiff's claim of lost income rests.  *See* Ex. 14, at 5-6.  Rather than identify anyone with any knowledge of Plaintiff's claims, Plaintiff replies only that he is aware of his damages and that he has not yet decided as to whether or not he will retain an expert on this issue.  *See id.* at 5.  Plaintiff further states that vendors who sold services or items to Plaintiff would have knowledge about his

damages, but he fails to identify who these vendors are.  *See id.*  Similarly, Plaintiff's response to Interrogatory No. 5 fails to "identify, describe and set forth the factual basis of any loss of income" claimed by Plaintiff, as Interrogatory No. 5 asks.  *Id.*  Instead, Plaintiff provides only a general claim that the alleged leak of information "contributed" to his decision to resign from federal service and that he suffered harm to his reputation and his ability to gain employment. *See id.*  And while Plaintiff claims that the alleged leak of information interfered with his "ability to gain employment," he fails to list a single position he decided not to apply for, or applied for and was denied, as a result of the leak.  *See id.*  As Plaintiff seeks damages for the supposed injury to his ability to secure employment, these general and non-specific responses must be corrected by providing the requisite level of detail.

Plaintiff's vague responses also extend to Interrogatories 6, 7, and 11, which Plaintiff fails to answer beyond making non-committal assertions of a later supplemental filing, and suggesting that a protective order is needed before any responses may be made.  *See* Ex. 14, at 6, 8.  A protective order is already in place in this case, *see* Court's Order of April 21, 2006, and any information elicited by these interrogatories would fit squarely within that Order.  These interrogatories go to the heart of the damages Plaintiff could seek in this case, and are therefore highly relevant.  Interrogatory No. 6 asks Plaintiff to describe any expenses he alleges are the result of the DOJ's alleged actions in this case.  *See* Ex. 14, at 6.  Interrogatory No. 7 seeks an accounting of Plaintiff's income from 1998 to the present, and a projected lifetime income from any source.  *See id.*  Interrogatory No. 11 seeks information related to any agreements or activities Plaintiff has engaged in that have resulted in past or present income, in connection with any public speaking, media appearances, television broadcasts, film, book, or publication rights.

*See id.* at 8.  As Plaintiff claims he suffered "past, present, and future loss of income" as a result of Defendant's alleged actions, *see* Ex. 14, at 4, full responses to these interrogatories are highly relevant and should be required by the Court.

Plaintiff takes the same approach in both his first response to Defendant's First Set of Requests for the Production of Documents and in his supplemental response thereto.  To date, plaintiff has provided only 28 pages of documents, the responsiveness and relevance of which is not clear, and has refused to produce documents in response to the vast majority of the requests served on him, particularly those relating to damages.  Document Request No. 5 seeks documents related to any damages Plaintiff suffered as a result of the alleged Privacy Act violation, Document Request No. 6, seeks documents setting forth Plaintiff's financial position since January 1, 2002, and Document Request No. 7, seeks documents relating to any damage to Plaintiff's reputation, mental suffering, emotional distress, or embarrassment that Plaintiff claims resulted from the alleged Privacy Act violation.  *See* Ex. 13, at 4-5.  Plaintiff also refuses to provide any documentation related to his employment after leaving the DOJ.  *See id.* at 9.  Plaintiff failed to provide documents in response to Document Request No. 8, which seeks documents that relate to any agreements or activities that have resulted in past, current, or future income to Plaintiff in connection to public speaking, media appearances, television, film or book deals, or other publicity, *see id.* at 5, Document Request No. 16 which seeks information about any financial or in-kind support Plaintiff has received from family and friends since the alleged Privacy Act violation, *see id.* at 7, and Document Request No. 21 which seeks documents related to Plaintiff's employment at Convertino & Associates, the law firm Plaintiff founded after leaving the DOJ, *see id.* at 9.  As Plaintiff claims to have suffered "past, present, and future loss

11

of income," as a result of Defendant's alleged actions in this case, *see* Ex. 14, at 4, any activities that have resulted in Plaintiff's gaining additional income in any way are highly relevant and material and must be produced by Plaintiff.

Plaintiff also refuses to provide documents in response to Document Request No. 22, which seeks "all documents relating to legal work performed by Plaintiff since he left his position as Assistant United States Attorney." Ex. 13, at 10. Plaintiff claims that such documents are immaterial and irrelevant. *See id.* These documents, however, would show the extent to which Plaintiff has been able to earn income through his legal practice following the alleged leak of information and are relevant to any assessment of claimed damages in this case.

Plaintiff's vague list of alleged damages and failure to provide any specific information or computation related to those damages does not provide the required detail of specific damages. In fact, a computation of damages claimed is such a basic component of any litigation that it is required by the Federal Rule governing initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C). *See also Gilvin v. Fire*, No. 99-cv-930, 2002 WL 32170943, at *3 (D.D.C. Aug. 16, 2002). Plaintiff should be compelled to either produce this information, or be precluded from introducing evidence of damages at trial.

**C.  Plaintiff's Assertions of the Physician-Patient and Psychotherapist-Patient Privileges Are Improper**

Plaintiff asserts the physician-patient and psychotherapist-patient privileges in response to Interrogatories Nos. 9 and 10, which seek information related to any physical, mental, or emotional harm Plaintiff claims to suffer, or have suffered, as a result of Defendant's alleged actions. *See* Ex. 14, at 7-8. "It is settled law that the party claiming the privilege bears the

burden of proving that the communications are protected." *In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998). Here, Plaintiff cannot meet this burden because he has unequivocally waived the privilege by asserting that he is seeking damages for, *inter alia*, "injury to his reputation, extreme public embarrassment, humiliation, anxiety, physical upset, emotional upset, mental anguish, physical pain and suffering, [and] trauma." Ex. 14, at 4.

A party who "asserts mental or physical injury places that mental or physical injury in controversy." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964); *accord Doe v. District of Columbia*, 229 F.R.D. 24, 25 (D.D.C. 2005) (plaintiff put mental condition in controversy by alleging that Defendant's "negligent and/or reckless actions [were] direct and proximate causes of John Doe's past and continuing physical, emotional, and mental pain, suffering and anguish"). Once a party puts his mental, physical, and medical condition at issue, he waives any possible claim to the physician-patient or psychotherapist-patient privileges. *E.g.*, *Sklagen v. Greater Southeast Community Hosp.*, 625 F. Supp. 991, 992 (D.D.C. 1984); *Doe v. Eli Lilly & Co., Inc.*, 99 F.R.D. 126, 127-28 (D.D.C. 1983). Having put his mental, physical, and medical condition at issue, Plaintiff's assertions of the physician-patient and psychotherapist-patient privileges are thus improper, and Plaintiff should be required to respond fully to Interrogatories 9 and 10.

### D.     Plaintiff's Assertion of the Attorney-Client Privilege Is Improper

Plaintiff asserts the attorney-client privilege in two responses and in neither case can he carry his burden of demonstrating the applicability of the privilege. Plaintiff asserts the attorney-client privilege in response to Document Request No. 21, which seeks "all documents relating to income and expenses of the law firm of Convertino & Associates, including, without limitation, invoices, checks, accounting records, tax records, time sheets, and expense records." Ex. 13, at

13

9.  Plaintiff also asserts the attorney-client privilege in response to Interrogatory No. 3, which

seeks information related to Plaintiff's damages, stating, in relevant part: "Plaintiff also utilized

the services of an attorney to mitigate the effect of the Privacy Act leak.  In regard to attorney

fees and costs, Plaintiff reserves the right to claim that any such disclosure, prior to the

submission of a formal fee petition, is privileged."  Ex. 14, at 5.  These assertions of the

attorney-client privilege are improper.

As noted above, the party claiming the privilege bears the burden of proving its

application.  *See supra* (quoting *In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998)).  The

proponent of the privilege "must conclusively prove each element of the privilege."  *In re*

*Lindsey*, 158 F.3d at 1270 (quotation omitted); *accord Alexander v. FBI*, 192 F.R.D. 50, 54

(D.D.C. 2000).  The elements of the attorney-client privilege, which the claimant of the privilege

must conclusively prove, are:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the
> person to whom the communication was made (a) is a member of the bar of a
> court or his subordinate and (b) in connection with this communication is acting
> as a lawyer; (3) the communication relates to a fact of which the attorney was
> informed (a) by his client (b) without the presence of strangers (c) for the purpose
> of securing primarily either (i) an opinion of law or (ii) legal services or (iii)
> assistance in some legal proceeding, and (d) not for the purpose of committing a
> crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the
> client.

*Alexander*, 192 F.R.D. at 54 n.3.[3]  Plaintiff has fallen far short of meeting this burden.

Because the attorney-client privilege protects only confidential communications between

an attorney and his client, it does not apply to internal accounting statements or financial

---

[3] As this excerpt makes clear, the attorney-client privilege belongs to the client, and not to
the attorney.  Thus, to the extent that Plaintiff is asserting a privilege over material from his law
firm, he must demonstrate that his client or clients are claiming the privilege.  *See id.*

14

information related to an attorney's law firm itself.  *See Mead Data Cent., Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977).  Similarly, because the attorney-client privilege applies only to confidential communications, it does not protect documents which merely show costs, particularly in cases, like this one, in which the plaintiff alleges that those costs are compensable in the lawsuit.  Thus, Plaintiff's assertions of privilege in his responses to Document Request No. 21, and Interrogatory No. 3 are improper.

### E.   Plaintiff's Assertion of "Other Constitutional Privileges" Is Improper

Plaintiff's repeated assertion of "other constitutional privileges," in response to both requests for the production of documents and interrogatories, is improper.  The Federal Rules require that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity," Fed. R. Civ. P. 33(b)(4), and that in the event a document request is objected to, "the reasons for the objection shall be stated," Fed. R. Civ. P. 34(b).  Plaintiff should be required to assert, with specificity, any claimed constitutional privileges, or waive them.[4]

## IV.   Plaintiff's Reference to His "Response to the OPR Allegations" Is Improper

Plaintiff responds to two interrogatories by referencing a document that he submitted to the Office of Professional Responsibility.  *See* Ex. 14, at 4, 9 (referring to "plaintiff's response to the OPR allegations" attached hereto, under seal, as Ex. 16).  Interrogatory No. 2 asks for facts supporting the contention in the Complaint that "[t]he allegations set forth in the December 2, 2003 letter were untrue, misleading, inflammatory, inaccurate and false."  Ex. 14, at 3 (quoting

---

[4] Plaintiff's counsel orally represented that he would replace the references to "other constitutional privileges" with assertions of the Fifth Amendment.  He has not yet done so.  It is not clear that such assertions in response to every interrogatory would be proper.  *See supra* note 3.

Compl. ¶ 106).  Plaintiff responds: "Information known to Plaintiff that is responsive to this interrogatory was set forth by Plaintiff in his response to the OPR allegations." *Id.,* at 4.[5] Interrogatory No. 13 seeks the identity and information about "the 'information, witnesses and documentation' referenced in Paragraph 114 of the Complaint." *Id.* at 9.  Plaintiff responds: "*See,* [sic] Mr. Convertino's response to the OPR allegations, which are [sic] in the control of the DOJ." *Id.*

     These references to a document in lieu of providing responsive information are improper. Reference to a document is proper only if, at least, "(1) the answer to an interrogatory can be derived from records, and (2) the records provided in answer to an interrogatory [are] the business records of the answering party." *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (citing Fed. R. Civ. P. 33(d)).  Plaintiff's response fails this test.  The document referenced by Plaintiff is not a business record, or even a non-business record.  It is an argumentative memorandum written by either Plaintiff or his counsel, in response to an OPR investigation.

     Reference to documents "is suited to those discovery requests requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents." *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005).  Reference to documents is not appropriate where the interrogatories "require the exercise of particular knowledge and judgment on the part of the

---

[5] The response also stated: "Plaintiff hereby requests that DOJ produce to the undersigned counsel a 'cleared' version of this material so that counsel can review the information."  Ex. 14, at 4. This response is nonsensical, as DOJ produced this document to Plaintiff's counsel at Bates Nos. DOJ200681-715.  Additionally, the original document came from Plaintiff and he could have provided his counsel a copy.  Moreover, if Plaintiff's counsel is unaware of the factual basis for an allegation in the Complaint that he filed, then he is in clear violation of Federal Rule 11.

responding party." *Id.*  DOJ's interrogatories seek the bases of allegations in Plaintiff's Complaint, and DOJ is "entitled to know the factual content of plaintiff's claims with a reasonable degree of precision." *Id.* (quotation omitted).  "The interrogatories direct plaintiffs to state the facts supporting the contentions of the complaint[ ].  Those facts can and should be specifically and fully stated." *In re Savitt/Adler Litig.*, 176 F.R.D. at 50 ("The interrogatories are completely focused on the allegations of plaintiffs' complaints, information to which defendants are entitled to prepare their defenses.").  Plaintiff should thus be required to answer Interrogatories 2 and 13 fully and under oath.

**V.   Plaintiff Should Be Required to Provide Complete Responses And All Responsive Documents Within Two Weeks of the Court Granting This Motion**

DOJ served the relevant discovery requests on Plaintiff on June 12, 2006, three and half months ago, in a case where all fact discovery was supposed to take 180 days.  Plaintiff has refused DOJ's repeated written requests to provide appropriate responses.  Plaintiff thus should be required to provide adequate responses and all responsive documents within two weeks of this Court's ruling on this Motion, so that the parties can proceed with the expeditious litigation of this case, or be prevented from introducing evidence of damages.  Additionally, given that Plaintiff failed to attend the previously noticed deposition, *see supra* note 2, Plaintiff should be ordered to attend a deposition after he has provided his complete responses to written discovery.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Court should grant Defendant's motion to compel proper discovery responses from Plaintiff.

17

## <u>LOCAL RULE 7(m) STATEMENT</u>

Counsel for the Department of Justice have conferred with Plaintiff's counsel in a good faith attempt to resolve and/or narrow the issues set forth in this motion.  Counsel have been unable to reach agreement, and counsel for the Department of Justice understand that Plaintiff opposes this motion.

Dated: November 13, 2006    Respectfully submitted,

          PETER D. KEISLER
          Assistant Attorney General

          JEFFREY A. TAYLOR
          United States Attorney

          ELIZABETH J. SHAPIRO
          Assistant Branch Director


             /s/
          _____
          JEFFREY M. SMITH (Bar No. 467936)
          JONATHAN E. ZIMMERMAN
          (MA Bar No. 654255)
          U.S. Department of Justice, Civil Division
          20 Massachusetts Ave., N.W., Room 7144
          Washington, D.C. 20001
          Tel: (202) 514-5751
          Fax: (202) 616-8470

          *Counsel for the U.S. Department of Justice*