UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **RICHARD G. CONVERTINO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 04-0236 (RCL) |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendant Department of Justice's Motion [83] to Compel Proper Discovery Responses from Plaintiff. Upon consideration of defendant's motion [83], plaintiff's opposition [86] and defendant's reply [88], the entire record herein and all applicable law, defendant's motion [83] will be GRANTED.

**I.   BACKGROUND**

Plaintiff Richard G. Convertino ("Convertino") brought the instant action against the United States Department of Justice ("Justice") and other named defendants on February 13, 2004. Count I of the complaint alleged violations of Convertino's rights under the Administrative Procedure Act, the Lloyd-LaFollete Act and the First Amendment of the U.S. Constitution. Count II alleges that the Department of Justice violated Convertino's rights under the Privacy Act, 5 U.S.C. §522 *et. seq*.

1

On October 19, 2005, the Court dismissed Convertino's claims under Count I of his complaint. (*See* Ct. Order [30].) On November 13, 2006, Justice filed a Motion to Compel Discovery Responses [51] from Convertino. On August 8, 2007 the Court granted Convertino's Motion to Stay These Proceedings [57] pending a verdict or disposition of related criminal proceedings. (Ct. Order [66].) In the same order, the Court denied Justice's Motion to Compel [51] without prejudice to renewal upon the lifting of the stay. (*Id.*)

On December 13, 2007 the stay in this action was lifted. (*See* docket [77].) On December 20, 2007, upon consideration of a joint motion of the parties, the Court entered a Scheduling Order (Ct. Order [80]), directing Convertino to respond to all outstanding discovery requests by January 25, 2008. On February 25, 2008, Justice filed its Renewed Motion to Compel [83], which was followed by Convertino's opposition [86] of March 21, 2008, and Justice's reply [88] of March 31, 2008.

II. **DISCUSSION**

    A. **Legal Standard**

Trial courts have considerable discretion when handling discovery matters. *Food Lion Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. Internal Revenue Serv.*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)). The scope of discovery in civil actions is broad, allowing for discovery regarding any nonprivileged matter that is relevant to a claim or defense. *See* Fed. R. Civ. P. 26(b)(1). The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See*

*id*.  All discovery is subject, however, to the limitations imposed by Rule 26(b)(2)(C).  Furthermore, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" are not within the scope of discovery.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (internal citation omitted).

Rule 37 of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).

### B.     Convertino's General Objections

"The party objecting to . . . discovery bears the burden of 'show[ing] why discovery should not be permitted.' "  *Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000) (Lamberth, J.) (quoting: *Alexander v. FBI*, 193 F.R.D. 1, 2-3 (D.D.C. 2000)).  A party objecting to a document request must "includ[e] the reasons" for the objection.  Fed. R. Civ. P. 34(b)(2)(B).  This requirement enables the requesting party to evaluate and determine whether to challenge the objection raised.  "When faced with general objections, the applicability of which to specific document requests is not explained further, '[t]his Court will not raise objections for [the responding party],' but instead will 'overrule[] [the responding party's] objection[s] on those grounds.'"  *D.L. v. District of Columbia*, 2008 WL 2555101, at *2 (D.D.C. June 27, 2008) (Lamberth, C.J.) (quoting *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D 1, 12 (D.D.C. 2007) (Lamberth, J.)).

Similarly, "[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).

3

Convertino begins his responses to Justice's discovery requests with a list of "general objections." (*See* Def.'s Mem. Exs. 6, 7.)  These general objections are then "incorporated by reference" to each specific discovery response.  (*See id.*)  This type of general reference to "boilerplate" objections provides no indication as to the specific nature or amount of material being withheld on the basis of the general objections.

Convertino's "general objections" to Justice's' discovery requests, without more, fail to satisfy his burden under the Federal Rules of Civil Procedure to justify his objections to discovery.  Convertino's general objections are not applied with sufficient specificity to enable this court to evaluate their merits.  In situations such as these, this Court will overrule Convertino's general objections in their entirety.  Convertino shall not rely on any general objection as a basis for withholding further discovery.

### C.   Convertino's Assertion of "Other Constitutional Privileges"

Convertino's answer to each discovery request also repeats the phrase "[o]ther Constitutional privileges may also be applicable." (*See id.*)  However, Convertino's position with respect to any alleged Constitutional privileges is less than coherent.  His opposition asserts this phrase was "set forth to simply preserve various specific objections." (Pl.'s Opp'n 19.)  He then discusses *hypothetical* Constitutional privileges he *might* have asserted with respect to two specific document requests. (*Id.* at 19-20.)  For example, discussing document request sixteen, Convertino asserts that "beyond the husband-wife privilege (relating to support from his family, i.e. his wife), the Constitutional protections for privacy ("support" from "family and friends") association rights, 5th Amendment rights etc., discovery of this sort renders it impossible to create a meaningful privilege log." (Pl.'s Opp'n 19-20.)  Next, Convertino "emphasizes that he is not

4

aware of *any* information being withheld from the United States in discovery based on the 'other Constitutional privileges' that is relevant or material to the four matters at issue in this case." (Pl.'s Opp'n 20) (emphasis in original.)

This is an inefficient use of the parties' and this Court's time. Either Convertino has Constitutional privileges to assert, or he does not. Because Convertino concedes he is not relying on any other Constitutional privilege as a basis for withholding discovery, he will be compelled to respond to the defendant's discovery requests without withholding any information on the basis of any general reference to the Constitution.

**C.   Discovery Regarding the Veracity of allegations in the OPR Letter of December 2, 2003**

Convertino has refused to respond to interrogatories and document requests regarding the veracity of the allegations contained in the OPR letter of December 2, 2003. (*See* Pl.'s Ex. 7, Responses 2, 13; Pl.'s Ex. 6, Responses 27, 28). Convertino argues that the veracity of these allegations are not relevant to his Privacy Act claims. (Pl.'s Opp'n 8-9.) This argument ignores that the requests relate to allegations Convertino pled in his own complaint. (*See* Compl. ¶¶106, 114.) Further, the veracity of the allegations contained in the OPR letter may also be relevant to the question of the damages, if any, to which Convertino may be entitled. This Court is satisfied that the requests are reasonably calculated to lead to the discovery of admissible evidence, and are thus a proper area for discovery. Notwithstanding Convertino's argument to the contrary, he cannot satisfy his discovery obligations by providing only his formal rebuttal to the OPR allegations. Accordingly, Convertino will be compelled to respond in full to interrogatories two and thirteen and document requests twenty-seven and twenty-eight.

### D. Convertino's Additional Discovery Request Responses

The Court has reviewed Convertino's objections to the remaining document requests called to its attention in Justice's memorandum. (*See* Def.'s Mem. 9-10; Def.'s Mem. Ex. 6, Requests 4, 9, 18, 19, 20, 25, 26.) Convertino's responses to these document requests and his responses to all of Justice's other discovery requests are evasive, non-responsive and generally inadequate. Nor is it acceptable for Convertino to assert that certain responsive documents are in the possession of another attorney providing counsel for him in related matters. (*See* Pl.'s Opp'n 18-19.) The two months that elapsed between Convertino's deadline to respond to outstanding discovery requests and the filing of his opposition to Justice's motion to compel were more than adequate time to obtain outstanding responsive documents, which are certainly within his "control" as that term is understood in discovery.

Nor will the Court accept any of Convertino's objections on the grounds of undue burden. This Court "only entertains an unduly burdensome objection when the responding party demonstrates how [discovery of] the document is 'overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.'" *Tequila Centinela*, 242 F.R.D. at 10 (quoting *Fisher v. Network Software Associates*, 217 F.R.D. 240, 246 (D.D.C. 2003)). Convertino has not drawn the Court's attention to sufficient information to support any objection on the grounds of burden.

Accordingly, Convertino will be ordered to provide full and complete disclosure of all responsive documents requested by Justice and provide full and complete responses to Justice's interrogatories. To the extent he asserts Justice's civil counsel in the instant action is already in

possession of any responsive documents, he must identify those documents with specificity and make them available for inspection and duplication.

### III. <u>CONCLUSION</u>

For the reasons set forth above, defendant's Motion [83] to Compel Proper Discovery Responses from Plaintiff be granted.

A separate order shall issue this date.

SO ORDERED.


Signed by Royce C. Lamberth, Chief Judge, July 7, 2008.