**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
**RICHARD G. CONVERTINO,**                )
                                          )
                        **Plaintiff,**    )
                                          )
             **v.**                       )        **Civil Action 04-0236 (RCL)**
                                          )
**UNITED STATES DEPARTMENT OF**           )
**JUSTICE,** *et al.*,                    )
                                          )
                        **Defendant.**    )
_____)

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's Motion [116] to Compel Production from defendant.  Upon consideration of the plaintiff's motion, the defendant's opposition [129] thereto, the plaintiff's reply [145] brief, the defendant's surreply [149], the applicable law, and the entire record herein, the Court concludes that the some documents need to be reviewed *in camera* before the Court can make a decision regarding the entire motion to compel.

## BACKGROUND

Plaintiff, Richard G. Convertino filed the Complaint against the United States Department of Justice ("DOJ") on February 13, 2004, raising two counts.  (Compl. ¶¶ 24-143.) One count has been dismissed leaving only whether defendant willfully and intentionally disclosed information to a reporter for the Detroit *Free Press* in violation of the Privacy Act, 5 U.S.C. § 552a.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 3-4.)  The disclosed information most likely consisted of one or more documents from an investigation into plaintiff's conduct by defendant's Office of Professional Responsibility ("OPR").  (Compl. ¶¶ 109-113.)

The OPR began an investigation in November of 2003 after the United States Attorney's

Office for the Eastern District of Michigan referred allegations of prosecutorial misconduct against Assistant United States Attorney Richard Convertino—former lead trial counsel in the case of *United States v. Koubriti*.  (Def.'s Opp'n to Pl.'s Mot. to Compel Ex. 12 at 1.)  The OPR crafted a series of letters stating what issues the OPR would investigate and which it would not. (*Id.*)  A limited number of people had access to these private letters.  On January 17, 2004 an article addressing the investigation by OPR was written by David Ashenfelter and  published in the Detroit *Free Press*.  (*Id.*)  Following the leak, the Office of the Inspector General ("OIG") began an investigation to determine who provided the information to the press, ultimately concluding that there was insufficient evidence to prove, by a preponderance of the evidence, who the leaker was.  (*Id.* Ex. 12 at 16.)

Plaintiff filed this motion to compel production of 736 various documents that plaintiff believes are responsive to his discovery requests.  (*Id.* at 1, Exs. 1 and 2.)  Defendant has categorized these documents as privileged, either by the deliberative process privilege, the work product doctrine, or the attorney-client privilege and thus claims the documents are not discoverable.  (*Id.* at 3-27.)  Plaintiff has requested that the Court review the documents *in camera* "to the extent that the applicability of the deliberative process privilege is not clear . . . ." (Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Compel at 1.)

## DISCUSSION

Fed. R. Civ. P. 26(b)(1) requires a party to disclose any material the other party requests that is relevant to plaintiff's claim or defendant's defense, if it is not protected by a privilege. *See* Fed. R. Civ. P. 26(b)(1) (". . . parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.").  Neither party disputes that the 736 documents requested are relevant to the Complaint.  (Pl.'s Mot. to Compel at 4-6.)

However, many of the 736 documents requested are protected by various privileges.  Finding the documents are relevant, the Court must then decide if the 697 documents, classified by defendant as protected by the deliberative process privilege, are in fact protected.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 6.)

## I. Deliberative Process Privilege

The deliberative process privilege acts to shield documents from discovery requests.  It protects "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (*quoting Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966)).  The purpose of the privilege is to protect the decision-making process of the government by creating an environment where people can freely express their opinions and debate alternative approaches before a decision is made.  *See id.*  To qualify for the privilege the document must be both "predecisional" and "deliberative."  *See Id.*  "[A] document is deliberative if it 'reflects the give-and –take of the consultative process,' . . . [a document is predicisional if it] 'reflect[s] the agency "give-and-take" leading up to a decision that is characteristic of the deliberative process.'"  *See Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1195 (D.C. Cir. 1991) (*quoting Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

Although there are too many documents to go into detail on how each satisfies the privilege requirements, neither party effectively disputes that the documents are both predicisional and deliberative.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 6; *cf.* Pl.'s Mot. to Compel at 10-11.)  Further, defendant has attached "declarations from officials in the relevant

DOJ components formally asserting the deliberative process privilege over the withheld documents." (Def.'s Opp'n to Pl.'s Mot. to Compel at 2.)

However, there are certain exceptions that apply to the deliberative process privilege, making the documents discoverable. "To the extent that the applicability of the deliberative process privilege is not clear," plaintiff has requested "that the Court review the documents *in camera* to determine whether they are privileged." (Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Compel at 19-20.) Finding that the documents are relevant as well as deliberative and predicisional, the Court is willing to look at a few documents *in camera* to see if an exception applies to the documents.

## II. Exceptions

The balancing test, which is typically applied to the privilege, is not needed when (1) the government's intent is squarely at issue or (2) there is any evidence of governmental misconduct. *See generally Alexander*, 193 F.R.D. 1, 10 (D.D.C. 2000) (Lamberth, J.) (explaining the deliberative process privilege). Plaintiff essentially raises two separate concerns in his Motion to Compel and his Reply. The first concern, which plaintiff believes entitles him to the disclosure of the 736 government documents, is the investigation into whether the defendant actually acted willfully or intentionally in the leak of private information about plaintiff, in violation of the Privacy Act. The second concern, which plaintiff also believes removes the deliberate process privilege, is whether defendant retaliated against plaintiff by attempting to cover-up the leaker(s). (Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Compel at 6.) The Court finds that the second concern is not legitimate and therefore, the only documents that may even be discoverable are documents that could reveal the potential leaker(s) intent in the disclosure of the information to the press or government misconduct.

1. The Government Intent Exception

The deliberative process privilege does not apply when the "government's intent is squarely at issue." *See Tri-State Hosp. Supply Corp. v. United States*, No. 00-1463, 2005 U.S. Dist. LEXIS 33156, at *23-25  (D.D.C. Dec. 16, 2005) (explaining that when intent is at issue there is no need for an evidentiary showing of government misconduct to overcome the privilege).  "If the plaintiff's cause of action is directed at the government's intent . . . it makes no sense to permit the government to use the privilege as a shield."  *In re Subpoena Duces Tecum Served on the Office of the Controller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). "The privilege was fashioned in cases where the decisionmaking process is collateral to the plaintiff's suit."  *Id.*  at 1424-25.

The first concern raised by plaintiff is related to the intent of the individual(s) when they leaked the confidential information as the Privacy Act requires that the government's actions be "willful" or "intentional."  *See Alexander*, 193 F.R.D. at 6.  "[I]f either the Constitution or a statute makes the nature of governmental officials' deliberations the *issue*, the privilege is a nonsequitur."  *In re Subpoena Duces Tecum*, 145 F.3d at 1424.  However, the government deliberations are not being challenged—it is the decision of the individual(s) who leaked the information that is at issue and without knowing whom that individual is we cannot look at their intent.  *Cf. Tri-State Hosp. Supply Corp. v. United States*, 2005 U.S. Dist. LEXIS 33156, at *5 (finding privilege inapplicable because the "claims place the government deliberations process squarely at issue"); (Def.'s Surreply in Opp'n to Pl.'s Mot. to Compel at 10-11 n.8.)  Plaintiff is requesting documents that are deliberative and predecisional to various decisions defendant made, but not specifically to the decision to leak the private information.  Thus the decision-making process is collateral to plaintiff's cause of action.  *Cf. In re Subpoena Duces Tecum*, 145

F.3d at 1424-25 (explaining that the privilege stands when the decision-making process is "collateral" to the cause of action).  As defendant points out "documents that could even arguably reveal such intent have already been produced.  Included in the more than 10,000 pages of documents produced by the Department in this case are the drafts and final versions of the OPR referral letter, . . . drafts and final version of the OIG report, and audio recordings, transcripts, and affidavits obtained from every witness interviewed during the OIG investigation."  (Def.'s Opp'n to Pl.'s Mot. to Compel at 16.)  Plaintiff has all of the factual information gathered during the investigations as well.  (*Id.*)

The documents plaintiff is now requesting are related to internal investigations and look at the opinions of government employees in conducting investigations, talking with Congress, and dealing with potential misconduct on the part of plaintiff.  (*See* Def.'s Opp'n to Pl.'s Mot. to Compel Ex. 1.)  They do not look at the intent of the potential leaker.  (*Id.*)  The privilege remains even if the motive of the government is relevant to some inquiry in the case, as long the government's subjective motivation is not the very "essence of a claim."  *See GE v. Johnson*, No. 00-2855, 2006 U.S. Dist. LEXIS 64907, at *23-24 (D.D.C. Sept. 12, 2006).

2. The Government Misconduct Exception

"[T]he privilege disappears altogether when there is any reason to believe government misconduct occurred."  *In re Sealed Case*, 121 F.3d at 746.  The deliberative process "privilege is routinely denied" when the documents "may" uncover government misconduct because society has an interest in an honest government.  *See id.* at 738 (*quoting Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 885 (1st Cir. 1995)); *see also Alexander v. FBI*, 186 F.R.D. 170, 177 (D.D.C. 1999) (Lamberth, J.) (finding that misconduct is more than a factor to be considered, it removes the privilege).

The misconduct that took place in this case is the disclosure of the private information to the press.  Plaintiff has produced evidence to suggest potential governmental misconduct.  The information found in the *Free Press* article is also in one or more of the OPR referral letters.  (Pl.'s Reply to Def.'s Opp'n to Mot. to Compel Ex.12 at 3-5.)  Further, only DOJ employees had access to this information so it would be difficult for the *Free Press* to obtain the information without at least the assistance of a DOJ employee.  (*Id.* at 12 n.1.)  Again, the government intent is not directly at issue because the resulting government decisions from the requested documents are not being challenged and many of the documents requested are not relevant to the misconduct.  However, documents that have a slight chance of revealing misconduct should be reviewed *in camera* to see if the privilege should be overridden.  *See In re Sealed Case*, 121 F.3d at 746.  The Court is erring in favor of discovery and therefore, will be viewing many of the documents *in camera*.

The documents at issue fall into 10 various groups including; (1) notes and summaries by the OIG investigator, (2) other documents related to the OIG investigation, (3) documents related to inquires by Congress, (4) documents and correspondence to/from non-OIG/OPR government officials regarding those investigations, (5) documents related to plaintiff's September 9, 2003 testimony before the Senate Finance Committee, (6) documents related to the Public Integrity investigation/criminal charges against plaintiff, (7) documents related to personnel actions regarding plaintiff, (8) documents related to the OPR investigation, (9) documents related to multiple or unspecified investigations, and (10) documents related to Koubriti litigation and file review.  (Pl.'s Mot. to Compel at 16-24.)  The documents that will be reviewed *in camera* are the documents from Categories 3 (in part), 4, 5, 6, 7, 8, 9, and 10 of plaintiff's classification system.

(*See id.*)  Because it is apparent that leaking confidential information to the press is misconduct it is possible that these documents may shed light on governmental misconduct.

Category 3 includes documents related to inquiries by Congress.  (Pl.'s Mot. to Compel at 18-19.)  There are "163 e-mails and correspondence among various DOJ employees regarding how to respond to letters and requests from members of Congress . . . , 34 communications concerning how to respond to a letter from Plaintiff's counsel regarding his provision of sensitive OPR materials to Congress . . . , and 47 documents regarding the confirmation of David Nahmias to be the United States Attorney for the Northern District of Georgia, including numerous copies of draft responses to written questions from members of the Senate."  (Def.'s Opp'n to Pl.'s Mot. to Compel at 9.)  Plaintiff has advanced the theory that his interactions with Congress, particularly Senator Grassley, may have been the start of retaliatory actions against him, including leaking information to the press.  (Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Compel at 16.)  The 163 e-mails and correspondence among various DOJ employees, (Def.'s Opp'n to Pl.'s Mot. to Compel at 9 n.6), may reveal a motive to leak confidential information to the press or attempts to limit what is disclosed to Congress to avoid detection of a motive to leak and therefore will be reviewed *in camera*.[1]  The other documents in category 3 are still protected.

---

[1] DOJ6000183, DOJ6000410-DOJ6000411, DOJ6000432, DOJ6000443-DOJ6000445, DOJ6000447-DOJ6000448, DOJ6000562-DOJ6000564, DOJ6000629-DOJ6000632, DOJ6000635, DOJ6000638, DOJ6000643-DOJ6000644, DOJ7000163-DOJ7000164, DOJ7000223-DOJ7000226, DOJ7000305, DOJ7000386-DOJ7000388, DOJ7000482, DOJ7000484, DOJ7000526-DOJ7000529, DOJ7000534-DOJ7000545, DOJ7000548-DOJ7000554, DOJ7000581-DOJ7000582, DOJ7000590-DOJ7000596, DOJ7000834-DOJ7000842, DOJ7000871-DOJ7000873, DOJ7001158-DOJ7001166, DOJ7002024-DOJ7002040, DOJ7002053-DOJ7002054, DOJ7002061-DOJ7002064, DOJ7002076-DOJ7002077, DOJ7002080, DOJ7002082-DOJ7002083, DOJ7002098-DOJ7002100, DOJ7002105-DOJ7002106, DOJ7002121-DOJ7002129, DOJ7002151-DOJ7002154, DOJ7002157-DOJ7002187, DOJ7002194-DOJ7002195, DOJ7002201-DOJ7002206, DOJ7002247-DOJ7002248, DOJ7002290-DOJ7002297, DOJ7002315-DOJ7002320, DOJ7002324-DOJ7002333, DOJ7002474-DOJ7002526, DOJ7002723-DOJ7002733,

Category 4 includes "documents and correspondence to/from non-OIG/OPR government officials regarding those investigations." (Pl.'s Mot. to Compel at 19.) Category 6 includes "documents related to the Public Integrity investigation/criminal charges against plaintiff." (Pl.'s Mot. to Compel at 20-21.) Documents in these categories include "45 e-mails and documents between DOJ officials regarding how the Department should proceed with various investigations and activities"—these documents will be reviewed *in camera*.[2] These documents are relevant to opinions people have about plaintiff and may lead to a motive or intent to leak information about plaintiff, shedding light on potential government misconduct. The documents are directly relevant to the OPR investigation in that they discuss potential misconduct on the part of plaintiff.

Category 5 includes "Documents related to [Plaintiff]'s September 9, 2003 testimony before the Senate Finance Committee." (Pl.'s Mot. to Compel at 20.) These documents may also reveal a motive on the part of a DOJ employee to disclose information to the press, revealing misconduct. Specifically this "category consists of 31 e-mails between DOJ officials discussing how the Department should respond to Congressional subpoena issued to Plaintiff, under which he was required to testify before a Senate subcommittee." (Def.'s Opp'n to Pl.'s Mot. to Compel at 9-10.) These 31 e-mails will be reviewed *in camera*.[3] (*Id.* at 10 n.9.)

---

DOJ7002987.

[2] DOJ6000221, DOJ6000455-DOJ6000459, DOJ6000466-DOJ6000467, DOJ6000565-DOJ6000604, DOJ6000612-DOJ6000613, DOJ7000088-DOJ7000089, DOJ7000311-DOJ7000314, DOJ7000429, DOJ7000444-DOJ7000445, DOJ7000567, DOJ7000578, DOJ7000583-DOJ7000587, DOJ7001082-DOJ7001083, DOJ7002529-DOJ7002563, DOJ7002647-DOJ7002654, DOJ7002740.

[3] DOJ7000258-DOJ7000278, DOJ7000284-DOJ7000293, DOJ7000316-DOJ7000319, DOJ7002023, DOJ7002130-DOJ7002135, DOJ7002155-DOJ7002156, DOJ7002309-DOJ7002314.

Category 7 includes "Documents related to personnel actions regarding Mr. Convertino." (Pl.'s Mot. to Compel at 21.)  Specifically, this "category consists of 83 e-mails and other documents concerning potential personnel actions to be taken with respect to Plaintiff."  (Def.'s Opp'n to Pl.'s Mot. to Compel at 12 n.12.)  These documents, like the other categories may reveal the misconduct leading to a motive to leak the confidential information and will be reviewed *in camera*.[4]

Category 8 includes "Documents related to the OPR investigation."  (Pl.'s Mot. to Compel at 21-22.)  This category consists of "103 documents created as part of the OPR investigation into Plaintiff."  Although the Court believes it is highly unlikely that these documents will lead to anything that reveals misconduct on the part of the leaker(s), the documents will be reviewed *in camera*[5] because there is evidence that it was an OPR letter that was released to the press.

Category 9 includes "documents related to multiple or unspecified investigations."  (Pl.'s Mot. to Compel at 22-23.)  Without knowing which investigations these go to, they will be reviewed *in camera*.  Category 10 includes "Documents related to Koubriti litigation and file

---

[4] DOJ5000461, DOJ5000522-DOJ5000523, DOJ7000004-DOJ7000034, DOJ7000053-DOJ7000079, DOJ7000124-DOJ7000125, DOJ7000131-DOJ7000132, DOJ7000143-DOJ7000145, DOJ7000153-DOJ7000159, DOJ7000210, DOJ7000249-DOJ7000257, DOJ7000279-DOJ7000283, DOJ7000302-DOJ7000304, DOJ7000308, DOJ7000322-DOJ7000326, DOJ7000375-DOJ7000385, DOJ7000402-DOJ7000411, DOJ7000427-DOJ7000428, DOJ7000430, DOJ7000442-DOJ7000443, DOJ7000519-DOJ7000521, DOJ7001138, DOJ7001198-DOJ7001202, DOJ7002042-DOJ7002044, DOJ7002049-DOJ7002051, DOJ7002200, DOJ7002981-DOJ7002984.

[5] DOJ5002278-DOJ5002282, DOJ6000336-DOJ6000344, DOJ6000460-DOJ6000463, DOJ7000559, DOJ7000570-DOJ7000571, DOJ7000588-DOJ7000589, DOJ7000601-DOJ7000670, DOJ7000673-DOJ7000681, DOJ7000684, DOJ7000686-DOJ7000724, DOJ7000728-DOJ7000732, DOJ7000774-DOJ7000776, DOJ7000787-DOJ7000797, DOJ7000800-DOJ7000833, DOJ7000865-DOJ7000866, DOJ7000874, DOJ7000879-DOJ7000925, DOJ7000927-DOJ7000953, DOJ7001075, DOJ7001078-DOJ7001081, DOJ7001086-DOJ7001087, DOJ7002136-DOJ7002139, DOJ7002197-DOJ7002199, DOJ7002246.

review." (Pl.'s Mot. to Compel at 23.) The documents in these two categories consist of 92 e-mails and other documents created as part of the Department's post-trial work in Koubriti and its review of other cases worked on by Mr. Convertino."[6] (Def.'s Opp'n to Pl.'s Mot. to Compel at 14.)

The documents that will be reviewed *in camera* are documents that may show government misconduct. Although the ultimate government decisions that resulted from these documents are not being questioned, only the decision to leak the confidential information is being questioned, the documents may reveal government misconduct. They are documents that are relevant to the cause of action, a potential Privacy Act violation. Therefore, the documents that are included are documents that are related to plaintiff directly and are not related to the OIG investigation. The deliberations before the investigations are not being released to plaintiff because plaintiff has not demonstrated that it is reasonable to suspect that government misconduct took place during the OIG investigation and the intent of the government is not at issue in these investigations. (Def.'s Opp'n to Pl.'s Mot. to Compel at 16.) The documents will be reviewed to see if they discuss anything other than what they purport to discuss in the privilege log. (*Id.* Ex. 2.)

---

[6] DOJ6000505-DOJ6000507, DOJ7000085-DOJ7000087, DOJ7000131-DOJ7000133, DOJ7000149-DOJ7000152, DOJ7000165-DOJ7000167, DOJ7000217-DOJ7000222, DOJ7000251, DOJ7000327-DOJ7000337, DOJ7000436-DOJ7000441, DOJ7000480-DOJ7000481, DOJ7000516-DOJ7000518, DOJ7000522-DOJ7000525, DOJ7000733-DOJ7000773, DOJ7000962-DOJ7001021, DOJ7001088, DOJ7001119-DOJ7001131, DOJ7001134-DOJ7001137, DOJ7001139-DOJ7001150, DOJ7001170-DOJ7001191, DOJ7001203-DOJ7001223, DOJ7002016-DOJ7002022, DOJ7002045-DOJ7002047, DOJ7002055, DOJ7002085-DOJ7002094, DOJ7002101-DOJ7002102, DOJ7002107-DOJ7002113, DOJ7002115-DOJ7002120, DOJ7002143-DOJ7002150, DOJ7002253-DOJ7002264, DOJ7002302-DOJ7002305, DOJ7002321-DOJ7002343, DOJ7002391-DOJ7002472, DOJ7002527-DOJ7002528, DOJ7002564-DOJ7002588, DOJ7002590-DOJ7002640, DOJ7002655-DOJ7002722, DOJ7002734-DOJ7002739, DOJ7002741-DOJ7002893, DOJ7002988-DOJ7002990.

The remaining categories (1 and 2 and parts of 3) are still protected by the deliberative process privilege.  First, these documents are not relevant to the misconduct committed by the leaker.  There must be at least some connection between the government misconduct and the documents for the privilege to yield.  *See McPeek v. Ashcroft*, 202 F.R.D. 332, 335 (D.D.C. 2001) (finding the privilege does not disappear when not challenging the final decision made by a government official).  Second, plaintiff has failed to make a viable claim to a grand cover-up— failing to provide any evidence of suspicions of wrongdoing during the investigations.  There should be some connection between plaintiff's cause of action and the final decision.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 16.)

## <u>CONCLUSION</u>

For the above stated reasons, some documents will be reviewed *in camera* before a decision is made in regards to plaintiff's entire motion.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on November 12, 2009.