# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **RICHARD G. CONVERTINO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 04-0236 (RCL) |
| | ) | |
| **UNITED STATES DEPARTMENT OF JUSTICE,** *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's Cross-Motion [128] for a Protective Order. Upon consideration of plaintiff's Cross-Motion for a Protective Order [128], defendant's Response [134], the applicable law, and the entire record herein, the Court concludes that the plaintiff's Cross-Motion is DENIED.

## BACKGROUND

Plaintiff, Richard G. Convertino filed the Complaint against the United States Department of Justice ("DOJ") on February 13, 2004, raising two counts. (Compl. ¶¶ 24-143.) One count has been dismissed leaving only whether defendant willfully and intentionally disclosed information to a reporter for the Detroit *Free Press* in violation of the Privacy Act. (Def.'s Opp. to Pl.'s Mot. to Compel at 3-4.) The disclosed information included documents related to an investigation into plaintiff's conduct by defendant's Office of Professional Responsibility ("OPR"). (Compl. ¶¶ 109-113.) Plaintiff claims that "[t]he improper releases of information concerning plaintiff caused the plaintiff significant harm, including physical injury,

1

emotional distress and a loss of professional reputation." (Compl. ¶ 22.) In response to these claims defendant has requested that plaintiff undergo an independent medical examination.

Defendant has made several attempts to "obtain Plaintiff's consent to conduct an independent medical examination ("IME")." (Def.'s Opp'n to Pl.'s Mot. for a Protective Order at 1.) Plaintiff has now agreed to allow an IME to be conducted subject to the Court entering an additional protective order dictating the conditions "under which any IME of [plaintiff] may be conducted, and to limit the circumstances under which any and all information related to the IME may be used." (Pl.'s Cross-Mot. for a Protective Order at 1.) Defendant opposes some of the conditions that plaintiff seeks in the protective order. (Def.'s Opp'n to Pl.'s Mot. for a Protective Order at 1.)

## ANALYSIS

Fed. R. Civ. P. 26(c) authorizes a court to enter a protective order to ensure a requesting party is protected from a number of specific harms. Fed. R. Civ. P. 26(c). However, there must be a good cause for such an order and the parties must have first attempted to resolve the issues in good faith before resorting to a court issued protective order. *Id.* ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.").

There is no good cause to issue an additional protective order. The original protective order has been sufficient for plaintiff until now and it is unnecessary to re-create a protective order. As originally ordered "any and all information contained in such materials shall be used only by those persons listed . . . and only for the purpose of this litigation and shall not be

disclosed, in any manner whatsoever, to anyone for any other purpose." (Order at 2, Apr. 21, 2006.)  Therefore, the original protective order [44] will apply to IME materials.[1]

## I. Plaintiff's Limitations

Plaintiff seeks additional limitations on the protective order that would essentially limit defendant from using the IME materials.  Of the several limitations advanced by plaintiff none reach a "good cause" level to issue an additional protective order and the additional protective order goes beyond what is necessary to protect plaintiff's privacy concerns.  Plaintiff requests that the IME materials not be released to the Criminal Division or the Offices of Professional Responsibility or Public Integrity of the DOJ.  (Pl.'s Cross-Mot. for a Protective Order at 2-3.) Defendant does not foresee the need at this time to share the materials with these departments but cannot limit itself to that request in the rare case that these departments would become necessary in the litigation.   (Def.'s Opp'n to Pl.'s Mot. for a Protective Order at 4.)  Plaintiff attempts to bar defense counsel from maintaining any of the IME materials in electronic format.  (Pl.'s Cross-Mot. for a Protective Order at 7.)  This would greatly burden defendant from effectively litigating this case as attorneys would be unable to share draft briefs electronically.  (Def.'s Opp'n to Pl.'s Mot. for a Protective Order at 4-5.)  Plaintiff also requests that the new protective order deny defense counsel a right to have its own copy of the audio recording.  (Pl.'s Cross-Mot. for a Protective Order at 5-7.)  This too would reduce the ability of defense counsel to effectively litigate this case, adding an additional burden and expense to the defense.  (Def.'s Opp'n to Pl.'s Mot. for a Protective Order at 2-3 (noting that the defendant would have to pay the

---

[1] "IME Materials" will be defined as "all information disclosed by Plaintiff during the IME and any information the doctor used in the IME.  'IME Materials' shall also include all documents prepared directly or indirectly as a result of the IME including, but not limited to, all notes and email correspondence concerning or discussing the IME or any information disclosed therein, any reports prepared by the doctor conducting the IME, any and all work product related to such reports, the full content and results of all psychological examinations and tests, all test materials, and all oral and written communications between Plaintiff and the doctor." (Pl.'s Opp'n to Def.'s Mot. for IME and Cross-Mot. for a Protective Order Ex. 1 ¶ 1.)

doctor every time they wished to view the audio recording while plaintiff would have his own copy).)

## II. Defendant's Limitations

Defendant advances that it is unable to destroy materials within 30 days of the conclusion of the litigation, claiming it may violate the Federal Records Act ("FRA") and/or DOJ Regulations, depending on how the materials are used. (Def.'s Opp'n to Pl.'s Mot. for a Protective Order at 7-9.) However, as plaintiff points out, the original protective order issued in this case [44], already includes such a provision. (Pl.'s Cross-Mot. for a Protective Order at 8.) Further, the IME materials most likely would not fall under the FRA's definition of "record." Therefore, the defendant must destroy all protected evidence subject to ¶ 6 of the original protective order [44].

## III. The IME will be Audio Recorded

Plaintiff has agreed to the recording of the IME subject to the additional protective order. (Pl.'s Cross-Mot. for a Protective Order at 3.) Although the law permits the audio recording of IMEs, *see Doe v. District of Columbia*, 2005 WL 3828731, at *1 (D.D.C. Aug. 15, 2005) (allowing plaintiff's IME to be videotaped); *see also T.B. v. Chico Unified School District*, 2009 WL 837468, at *1-3 (E.D. Cal. March 26, 2009), the request to videotape IMEs has also been denied in this Court. *See Abdulwali v. Washington Metro Are Transit Authority*, 193 F.R.D. 10, 14 (D.D.C. 2000). However, despite plaintiff's concerns, the IME may still be audio recorded without an additional protective order. The doctor, Dr. Blackmon, performing the IME in this case has specifically requested that the examination be videotaped or otherwise recorded so that he may focus on the examination itself and also have an accurate record of what occurred during

the examination.  (Def.'s Mot. for IME Ex. 18 ¶¶ 5-6.)  The Court finds it reasonable that the IME is audio recorded.

## CONCLUSION

The results of the IME are sufficiently protected by the Protective Order previously issued by the Court.  Therefore, no additional protective order is needed and plaintiff's motion is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on November 12, 2009.