UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD G. CONVERTINO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 04-00236 (RCL) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendant Department of Justice's Motion to Strike the Expert Designation and Report of Daniel J. Metcalfe [156]. Upon consideration of the motion, the opposition and reply thereto, the Court concludes that defendant's motion shall be GRANTED and the expert designation and report of Daniel J. Metcalfe shall be stricken.

### I.   FACTUAL BACKGROUND

Plaintiff Richard G. Convertino brought suit against his former employer, the United States Department of Justice and the United States Attorney's Office for the Eastern District of Michigan, along with the Attorney General and other department officials, claiming violations of the Privacy Act. (*See generally* Compl. ¶¶ 3–9, 91–143.) Specifically, plaintiff contends that department officials gave private personnel information related to investigations by the Department's Office of Professional Responsibility to those with "no need to know," both inside and outside the U.S. Attorney's Office, whose official duties did not require access to the records. (*See id.* ¶¶ 93–4, 100.) On August 12, 2009, plaintiff notified defendants that, pursuant

to Federal Rule of Civil Procedure 26(a)(2)(A), he had designated Daniel J. Metcalfe as an expert in the Privacy Act. (*See* Def. Dep't of Justice's Mot. to Strike the Expert Designation and Report of Daniel J. Metcalfe Ex. 2 [156-2]; *see also* Ex. 1 [156-1] (email from plaintiff's counsel notifying of the Rule 26 filing).) In the motion before the Court, defendants seek to strike this expert designation.

## II. EXPERT TESTIMONY

### A. Designation of Daniel J. Metcalfe as an Expert Witness

*a. Legal Standard*

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 . . . ." Federal Rule of Evidence 702 sets the standard for the allowance of testimony by experts:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a *fact* in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case (emphasis added).

To determine the admissibility of proffered expert testimony, this Court must look to two factors: the witness (1) must be qualified, and (2) must be capable of assisting the trier of fact. *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1211 (D.C. Cir. 1997) (citing *Exum v. Gen. Elec. Co.*, 819 F.2d 1158, 1163 (D.C. Cir. 1987)). Even if these two prerequisites are met, if the "[e]xpert testimony . . . consists of legal conclusions," it "cannot properly assist the trier of fact . . . and thus it is not 'otherwise admissible'." *Id.* at 1212 (citing *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir.

1985)).¹ Legal conclusions, unlike factual assessments, "intrude upon the duties of, and effectively substitute for the judgment of, the trier of fact and the responsibility of the Court to instruct the trier of fact on the law." *United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94, 98 (D.D.C. 2002).²

The *Burkhart* court did note that "the line between an inadmissible legal conclusion and admissible assistance to the trier of fact in understanding the evidence . . . is not always bright." *Burkhart*, 112 F.3d at 1212. One method of distinguishing if expert testimony crosses the line into inadmissible legal conclusions is whether the words used by the expert have "specialized meaning in the law different from that present in the vernacular." *Id.*; *see also Mossey*, 231 F. Supp. 2d at 98. If the words do have a different meaning, they should be excluded; as aptly stated by the court in *Burkhart*: "[A]n expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but *he may not testify as to whether the legal standard has been satisfied.*" *Burkhart*, 112 F.3d at 1212–13 (emphasis added).

b.  Discussion

   1.  Qualification

Neither party has brought into dispute Mr. Metcalfe's qualifications. Indeed, defendant DOJ expressly notes that Mr. Metcalfe has extensive experience litigating cases under the Freedom of Information Act and the Privacy Act. (*See* Def. Dep't of Justice's Mot. to Strike the Expert Designation and Report of Daniel J. Metcalf [156] at 4.) Thus, based on the defendant's

---

¹ *See also In Re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (citing cases from every circuit arriving at the same conclusion).
² For this case, this Court is the trier of fact. This does not change the calculus of whether an expert witness offering legal conclusions should be stricken. (*See* Def. Dep't of Justice's Mot. to Strike the Expert Designation and Report of Daniel J. Metcalf [156] at 3 n.2.)

failure to adduce evidence that would question Mr. Metcalfe's qualifications,[3] the first prong of the *Burkhart* test has been satisfied.

### 2. Ability to Assist the Trier of Fact

Though Mr. Metcalfe is qualified in the underlying subject matter, this Court finds that, based on the information contained in his report and his proposed testimony, any testimony given would not be factual assessments but legal conclusions that are inadmissible.

This Court agrees with the defendants that the bulk of Mr. Metcalfe's Declaration is nothing more than a legal analysis of the Privacy Act and a legal conclusion that the actions of the defendants amounted to a violation of that Act. As the plaintiff readily admits, numerous paragraphs of Mr. Metcalfe's Declaration come to explicit legal conclusions. (Pl.'s Opp'n to Def.'s Mot. to Strike the Expert Designation and Report of Daniel J. Metcalfe [168] at 8 (describing paragraphs 10, 11, 13 and footnote 6).) Despite this concession by plaintiff, the argument is made that such statements, even if explicit legal conclusions, are harmless and this Court should not treat them as grounds for striking Mr. Metcalfe. (*See id.*) Plaintiff is mistaken about the standard for expert witness testimony though—the standard is not that experts may testify and offer legal conclusions as long as such testimony would only amount to harmless error, the standard is that expert witnesses may not testify and offer legal conclusions *at all*. *Cf. Burkhart*, 113 F.3d at 1214 (noting that an appellate court will not reverse the trial judge's erroneous allowance of expert testimony if the error is harmless).

Further, as defendants point out in their reply, plaintiff's reliance on *SEC v. Johnson*, 525 F. Supp. 2d 70 (D.D.C 2007), is entirely misplaced. In *Johnson*, the court allowed an expert to

---

[3] Defendants do assert that Mr. Metcalfe "has no expertise that could lead to an admissible expert opinion of any of [the] factual issues," but this is a somewhat limited argument because their claim ultimately boils down to Mr. Metcalfe only offering legal conclusions rather than factual assessments. (Dep't of Justice's Reply in Supp. of its Mot. to Strike the Expert Designation and Report of Daniel J. Metcalfe [169] at 4.)

testify about the general standards followed by accountants and how the procedures used to meet those standards. *Id.* at 77. Beyond this limited role accorded to the expert—especially as the average juror will not be familiar with these standards when determining a disputed factual issue—the court went no further. *Id.* at 78.[4]

This Court is inclined to agree with defendant that Mr. Metcalfe offers no contents of standards, customs, or procedures to be applied; instead, Mr. Metcalf "jumps straight to the conclusion" that legally, a violation of the Privacy Act has occurred. (*See* Dep't of Justice's Reply in Supp. of its Mot. to Strike the Expert Designation and Report of Daniel J. Metcalfe [169] at 8, 9 n.5.) Finally, this Court will not entertain plaintiff's request to re-draft Mr. Metcalfe's report to transform it from inadmissible legal conclusions to admissible factual information. (*See* Pl.'s Opp'n to Def.'s Mot. to Strike the Expert Designation and Report of Daniel J. Metcalfe [168] at 8–9.) It is not the responsibility of this Court as gatekeeper to ensure that expert reports through the door to admissibility; it is the responsibility of the parties to file expert reports that, as written, are "not only relevant, but reliable" and that do not solely offer legal conclusions. *See Daubert v. Merrill Dow Pharms,. Inc.*, 509 U.S. 579, 589 (1993). Even if this Court followed through with plaintiff's request, the resulting language of the report does not change: the new, amended report merely states a legal conclusion that is inadmissible. (*See* Dep't of Justice's Reply in Supp. of its Mot. to Strike the Expert Designation and Report of Daniel J. Metcalfe [169] at 10.)[5]

---

[4] Indeed, the court specifically disallowed any mention by the expert of a witness's *intent* as that is clearly a question left to the jury; rather than aid the trier of fact in explaining the facts, such action would essentially "undertake to tell the jury what result to reach." *Id.* at 78–79 (citing *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).
[5] Defendants' in their reply specifically use paragraph 11 of Mr. Metcalfe's report to reinforce the claim that Mr. Metcalfe's report contains inadmissible legal conclusions even after excising the "offending" language. The other paragraphs, if amended in similar fashion, are not saved; the new, spliced text is no more fact-based than before.

## II. CONCLUSION

For the foregoing reasons, defendant Department of Justice's Motion to Strike the Expert Designation and Report of Daniel J. Metcalfe [156] will be GRANTED and the expert designation and report of Daniel J. Metcalfe shall be stricken.

.

A separate order shall issue this date.

## Date

February 26, 2010.

_____/s/_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court